**Michael Anthony McGRUDER,**
**Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–13–00109–CR.**

Court of Appeals of Texas,
Waco.

Aug. 14, 2014.

Discretionary Review Granted
Jan. 28, 2015.

**346**

Mary Jo Holloway, Chappell Hill, for Michael Anthony McGruder.

Jarvis J. Parsons, Dist. Atty., Douglas Howell III, Asst. Dist. Atty., Bryan, for the State of Texas.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

## OPINION

TOM GRAY, Chief Justice.

Michael Anthony McGruder was convicted of the offense of driving while intoxicated, a felony offense, and sentenced to 30 years in prison. *See* Tex. Penal Code Ann. § .49.04 (West 2011). Because section 724.012(b)(3)(B) of the Texas Transportation Code is not unconstitutional, we affirm the trial court's judgment.

### Background

In September of 2011, McGruder was stopped by a College Station police officer because McGruder's pickup matched the description of a suspicious vehicle in the area. After McGruder got out of his pickup, the officer who initially stopped McGruder and another officer who had arrived at the scene noted that, even from a distance, McGruder smelled of alcohol. McGruder responded to questioning by the officers and gave "nonsensical" and conflicting answers. He also refused to perform any field sobriety exercises. McGruder was arrested and refused to submit to a breath or blood test. After McGruder's pickup was inventoried and towed, McGruder was taken to the police department where an officer began to prepare a search warrant to obtain a sample of McGruder's blood. During the process of preparing the warrant, the officer learned that McGruder had two prior DWI convictions.

At that time, the officer discontinued preparing the warrant and began working on the "mandatory blood draw" paperwork. The officer testified that a blood draw becomes mandatory when a DWI suspect has two prior DWI convictions. McGruder was then taken to the hospital and his blood was drawn.

### Objection and Issue

At his trial in 2013, McGruder objected to the State's introduction of the blood draw kit and the blood draw vial on the basis that section 724.012 of the Texas Transportation Code, the section which contains the mandatory blood draw provision, is unconstitutional in that it allows for the seizure of evidence without a warrant.[1] The trial court overruled his objection. On appeal, McGruder contends in one issue that, absent exigent circumstances or consent, section 724.012(b)(3)(B) of the Texas Transportation Code violates the Texas and United States Constitutional provisions against unreasonable searches and seizures. We construe McGruder's argument to be a facial challenge to the constitutionality of that portion of the statute.[2]

### The Statute

As it applies to this case, section 724.012(b) provides:

---

1. McGruder later objected to the lab report which contained the blood alcohol content results of McGruder's blood test by stating, "Renew my earlier objection." He did not however, object to the chemist's testimony prior to the introduction of the lab report that McGruder's blood alcohol content was .09 grams per 100 milliliters. We note that there was no motion to suppress filed; only objections made to the various exhibits as they were introduced into evidence. The *Amicus Curiae*, presented by the Texas Criminal Defense Lawyers Association, argues the trial court erred in overruling the objections to the kit, vial, and lab report. The *Amicus Curiae*

does not address the admission, without objection, of the blood alcohol content testimony. Nevertheless, this is not the issue that McGruder has presented on appeal. Rather, McGruder raises a direct challenge to the constitutional validity of the "mandatory" blood draw provision.

2. McGruder does not argue that the Texas Constitution provides any greater or different protection than the United States Constitution; thus we treat them as the same in this context. *See Luquis v. State*, 72 S.W.3d 355, 364 (Tex.Crim.App.2002).

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

* * *

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

* * *

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections.

TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

## MCNEELY

Relying on the recent opinion from the United States Supreme Court in *Missouri v. McNeely,* —— U.S. ——, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), McGruder argues that because section 724.012(b)(3)(B) does not require any exigent circumstance for a warrantless blood draw, it impermissibly narrows the constitutional right to be free from unreasonable searches and seizures and should be declared unconstitutional.

■■■ Generally speaking, drawing blood from a suspect is a search and seizure within the scope of the Fourth Amendment to the United States Constitution. *See Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). A warrantless seizure of a blood sample, however, can be constitutionally permissible if officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available. *Id.* at 767–68, 86 S.Ct. 1826.

In *McNeely,* the United States Supreme Court addressed the issue of whether the Fourth Amendment required police to obtain a warrant before taking a blood sample from a non-consenting driver suspected of driving while intoxicated. *McNeely,* 133 S.Ct. at 1556. The Court concluded that the natural dissipation of alcohol in the bloodstream did not present a *per se* exigency that justified an exception to the warrant requirement for non-consensual blood testing in all DWI cases. *Id.* Instead, the Court recognized that, sometimes, exigent circumstances, based in part on the rapid dissipation of alcohol in the body, may allow law enforcement to obtain a blood sample without a warrant but that courts must determine on a case-by-case basis whether exigent circumstances exist, considering the totality of the circumstances. *Id.*

Prior to *McNeely,* at least one Texas appellate court had interpreted section 724.012(b) to be an exception to the Fourth Amendment warrant requirement; that is, no warrant was necessary to draw the defendant's blood if he refused to consent to the blood draw and had two prior DWI convictions. *See Aviles v. State,* 385 S.W.3d 110, 112 (Tex.App.-San Antonio 2012, pet. ref'd), *vacated,* —— U.S. ——, 134 S.Ct. 902, 187 L.Ed.2d 767 (2014), *op. on remand,* 443 S.W.3d 291 (Tex.App.-San Antonio 2014, no pet. h.). But the United States Supreme Court vacated that court's judgment and remanded the case to the court of appeals for further consideration in light of *McNeely. Aviles,* 134 S.Ct. at 902. Since then, Texas appellate courts

have held that a non-consensual blood draw without a warrant pursuant to section 724.012(b) and without evidence of exigent circumstances other than simply the rapid dissipation of alcohol in the bloodstream violates a defendant's Fourth Amendment rights.[3] *See Douds v. State,* 434 S.W.3d 842 (Tex.App.-Houston [14th Dist.] 2014, pet. filed) (op. on rh'g) (publish); *Weems v. State,* 434 S.W.3d 655 (Tex.App.-San Antonio 2014, pet. filed) (publish); *Reeder v. State,* 428 S.W.3d 924 (Tex.App.-Texarkana 2014, pet. filed) (publish); *Sutherland v. State,* 436 S.W.3d 28 (Tex.App.-Amarillo, 2014, pet. filed) (publish); *State v. Villarreal,* No. 13-13-00253-CR, 476 S.W.3d 45, 2014 WL 1257150, 2014 Tex.App. LEXIS 645 (Tex.App.-Corpus Christi Jan. 23, 2014, pet. granted) (publish). *See also State v. Baker,* No. 12-12-00092-CR, 2013 WL 5657649, 2013 Tex. App. LEXIS 12818 (Tex.App.-Tyler Oct. 16, 2013, pet. granted) (not designated for publication) (trial court could have reasonably concluded State failed to show warrantless blood draw was supported by exigent circumstances). *Contra Perez v. State,* No. 01-12-01001-CR, 2014 WL 943126, 2014 Tex.App. LEXIS 2681 (Tex. App.-Houston [1st Dist.] Mar. 11, 2014, no pet. h.) (publish) (motion for rehearing filed; response requested by the court; response filed).

FACIAL CONSTITUTIONAL CHALLENGE

But McGruder asks us to find that section 724.012(b)(3)(B) is unconstitutional. To prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *State v. Rosseau,* 396 S.W.3d 550, 557 (Tex.Crim.App.2013). A facial challenge to a statute is the most difficult challenge to mount successfully

because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App. 1992).

Whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo,* 424 S.W.3d 10, 14 (Tex.Crim.App.2013). When the constitutionality of a statute is attacked, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15. The burden normally rests upon the person challenging the statute to establish its unconstitutionality. *Id.* at 15. In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App. 2002).

Section 724.012(b) merely requires an officer to take a blood or breath specimen in certain circumstances. What makes the statute mandatory is that the officer has no discretion in those situations to obtain either a blood or a breath specimen. It does not mandate, nor does it purport to authorize, a specimen be taken without compliance with the Fourth Amendment. And although the Court of Criminal Appeals has said that the implied consent law, the body of law in which this particular statute is contained, enables officers to draw blood in certain limited circumstances, *a.k.a.* exigent circumstances, even without a search warrant, the Court also said that the law did not give officers the ability to forcibly obtain blood samples from anyone just because they were arrested for DWI. *Beeman v. State,* 86 S.W.3d 613, 616 (Tex.Crim.App.2002).

---

**3.** This is not the issue we have been asked to decide and express no opinion regarding that issue.

Further, the Court did not hold in *Beeman,* and has not yet held, that section 724.012(b) is an exception to the Fourth Amendment's warrant requirement such as the consent exception or the exigent circumstances exception. *See State v. Villarreal,* No. 13–13–00253–CR, 476 S.W.3d 45, 58–59, 2014 WL 1257150, *11, 2014 Tex.App. LEXIS 645, *35 (Tex.App.-Corpus Christi Jan. 23, 2014, pet. granted) (publish).

Further, as written, section 724.012(b) does not require a blood or breath specimen to be taken contrary to the Fourth Amendment; that is, without a warrant or without a recognized exception to the warrant requirement. *See Forsyth v. State,* No. 11–12–00198–CR, 438 S.W.3d 216, 224 (Tex.App.-Eastland 2014) (no pet. h.) (publish) ("... Section 724.012 does not instruct an officer to take a person's blood without a warrant or in violation of the Fourth Amendment," citing *State v. Villarreal,* No. 13–13–00253–CR, 476 S.W.3d 45, 2014 WL 1257150, 2014 Tex.App. LEXIS 645 (Tex.App.-Corpus Christi Jan. 23, 2014, pet. granted) (publish)).[4] We agree with the Houston Court of Appeals when it aptly noted, "We have no reason to fault the constitutionality of the mandatory blood draw statute in this case because it did not require [the officer] to obtain a blood draw without first securing a warrant. It is the officer's failure to obtain a warrant and the State's failure to prove an exception to the warrant requirement, not the mandatory nature of the blood draw statute, that violate the Fourth Amendment." *Douds v. State,* 434 S.W.3d 842, 861 (Tex.App.-Houston [14th Dist.] 2014, pet. filed) (op. on rh'g) (publish).

4. Other courts of appeals agree with this interpretation. *See Douds v. State,* 434 S.W.3d 842, 859–60 (Tex.App.-Houston [14th Dist.] 2014, pet. filed) (op. on rh'g) (publish); *Weems v. State,* 434 S.W.3d 655, 665 (Tex.

McGruder has failed to point us to anything else that would show the statute to be unconstitutional. Thus, McGruder's facial challenge to the statute must fail, and we presume the statute to be constitutionally valid.

CONCLUSION

Accordingly, McGruder's sole issue is overruled, and the trial court's judgment is affirmed.

Justice DAVIS dissenting.

REX D. DAVIS, Justice, dissenting.

At least six of our sister courts, based on *Missouri v. McNeely,* —— U.S. ——, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013) and the Supreme Court's treatment of *Aviles v. State,* 385 S.W.3d 110 (Tex.App.-San Antonio 2012, pet. ref'd), *vacated,* —— U.S. ——, 134 S.Ct. 902, 187 L.Ed.2d 767 (2014), *op. on remand,* 443 S.W.3d 291 (Tex.App.-San Antonio 2014, no pet. h.), have held that a warrantless, nonconsensual blood draw under Transportation Code section 724.012(b), absent exigent circumstances, violates the Fourth Amendment. *Forsyth v. State,* 438 S.W.3d 216, 225 (Tex.App.-Eastland 2014, no pet. h.); *Weems v. State,* 434 S.W.3d 655, 665–66 (Tex.App.-San Antonio 2014, pet. filed); *Holidy v. State,* No. 0613–00261–CR, 2014 WL 1722171, at *4 (Tex.App.-Texarkana Apr. 30, 2014, pet. filed) (mem. op., not designated for publication); *Reeder v. State,* 428 S.W.3d 924, 930 (Tex.App.-Texarkana 2014, pet. filed); *Sutherland v. State,* 436 S.W.3d 28, 40–41 (Tex.App.-Amarillo 2014, pet. filed); *State v. Villarreal,* 476 S.W.3d 45, 58–59, 2014 WL 1257150, at *11 (Tex.App.-Corpus Christi Jan. 23, 2014, pet.

App.-San Antonio 2014, pet. filed) (publish); *Reeder v. State,* 428 S.W.3d 924, 930 n. 10 (Tex.App.-Texarkana 2014, pet. filed) (publish).

granted); *see also Douds v. State*, 434 S.W.3d 842 (Tex.App.-Houston [14th Dist.] 2014, pet. filed). *But see Perez v. State*, 2014 WL 943126, at *7 (Tex.App.-Houston [1st Dist.] Mar. 11, 2014, no pet. h.) (mot. for reh'g and mot. for en banc reh'g pending) ("We conclude that the warrantless taking of appellant's blood sample in compliance with Transportation Code section 724.012(b) did not violate his Fourth Amendment rights by requiring him to submit to a warrantless blood test without his consent."); *see id.* (also holding that appellant failed to raise constitutionality of statute in trial court).

While it appears that no court has explicitly passed on the facial constitutionality of section 724.012(b),[1] some have criticized the statute from a Fourth-Amendment perspective with language that I believe indicates a facial problem with the statute:

- *Forsyth*, 438 S.W.3d at 224, 2014 WL 3865777, at *7 ("we decline to hold that mandatory blood draws under the Texas Transportation Code are per se reasonable and further decline to hold that an officer is not required to obtain a warrant for the blood draw or show that the blood draw was conducted under a recognized exception to the warrant requirement.").

- *Holidy*, 2014 WL 1722171, at *1 ("This appeal involves the sole question of the constitutionality of taking and testing blood under the implied consent provisions of Section 724.012(b)(3)(B).... Because we are constrained by principles recently enunciated by the United States Supreme Court, we reverse the conviction herein based on the unconstitutionality of the statute and remand this case for a new trial.").

- *Sutherland*, 436 S.W.3d at 41 ("To the extent that Section 724.012(b)(3)(B) can be read to permit, nonetheless, a warrantless seizure of a suspect's blood in the absence of such exigent circumstances or the suspect's consent, it runs afoul of the Fourth Amendment's warrant requirement.").

Section 724.012(b) does not explicitly require an officer to obtain a blood or breath sample without a warrant, but it also does not instruct an officer to obtain a warrant in the absence of exigent circumstances. And the common facts in our sister courts' opinions and in this case are that the officer did not obtain a warrant solely because of section 724.012(b) and did compel or forcibly obtain a blood sample without the defendant's consent solely because of section 724.012(b):[2]

---

1. The majority quotes two sentences in a footnote from *Douds* that appear to be dicta. *See Douds*, 434 S.W.3d at 861 n. 24. In *Sutherland*, the appellant presented an apparent facial challenge: "In the absence of exigent circumstances or consent[,] does Section 724.012(b)(3)(B) violate the Texas and United States constitutional prohibitions against unreasonable searches and seizures where the statute requires law enforcement officers to seize a specimen of a DWI arrestee's blood without a search warrant in all cases where the officer believes the arrestee has been previously convicted of DWI two or more times." *Sutherland*, 436 S.W.3d at 33. But the court did not make an explicit facial review of the statute. And in *Forsyth*, the appellant failed

to assert a facial complaint in the trial court. *Forsyth*, 438 S.W.3d at 218 n. 1, 2014 WL 3865777, at *1 n. 1.

2. In *Beeman*, the court of criminal appeals did state: "This does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI." *Beeman v. State*, 86 S.W.3d 613, 616 (Tex.Crim.App.2002). But the context of that sentence is important:

The dissent implies that we have given carte blanche to officers to draw blood in every single DWI case. But we have given police officers nothing more than the Constitution already gives them—the ability to apply for a search warrant and, if the magistrate finds probable cause to issue that

- *Forsyth*, 438 S.W.3d at 219, 2014 WL 3865777, at *2 ("A criminal history check and Appellant's own admissions revealed that Appellant had two prior convictions for DWI. Appellant refused to submit to a breath or blood test. Relying on Section 724.012 of the Texas Transportation Code, Officer McDaniel transported Appellant to Brackenridge Hospital for a mandatory blood draw. ... Officer McDaniel acknowledged that there were magistrates available to issue a search warrant twenty-four hours a day, but stated that he could not have secured a warrant because that 'is not what you do according to law or policy.' ").

- *Weems*, 434 S.W.3d at 658, 660 ("No warrant was procured for the blood draw. ... In this case, Officer Bustamante testified that the blood draw was administered because a person other than Weems suffered bodily injury and was transported to a hospital for medical attention. The State also points out that the THP–51 form, which was admitted in evidence, indicates that the blood draw was also ordered because Weems had two prior DWI convictions.").

- *Douds*, 434 S.W.3d at 845–46 ("Officer Tran took the appellant to a local medical center, Texas Emergency Care, for a mandatory blood draw. Officer

Tran testified his decision to obtain a blood draw was based on his reasonable belief that section 724.012 of the Texas Transportation Code had been satisfied and allowed him to do so. ... Nothing in the record suggests that any officer attempted to obtain a warrant authorizing the blood draw at any point. Indeed, the evidence does not mention a warrant at all. ... Officer Tran testified that he ordered the mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code.").

- *Holidy*, 2014 WL 1722171, at *1 & n. 2 (defendant, who had two prior DWI convictions, "was told by officers that he had no choice, so he 'didn't argue' with them about the blood draw").

- *Reeder*, 428 S.W.3d at 926 (after defendant, who had two prior DWI convictions, "refused to give his consent to have his blood drawn and tested for alcohol, law enforcement officials took a blood specimen anyway and tested it under the authority of Section 724.012(b)(3)(B)").

- *Sutherland*, 436 S.W.3d at 31 ("[Officer] Housmans testified that, as justification for the warrantless blood draw, he relied solely on the provision in the Texas Transportation Code that requires him to obtain a sample of a

warrant, the ability to effectuate it. *This does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI.* Instead, it gives officers the ability to present an affidavit to a magistrate in every DWI case, just like every other criminal offense. Whether any search ultimately occurs rests, as always, in the hands of the neutral and detached magistrate. *Id.* (emphasis added). This statement is therefore inapplicable to the warrantless blood draw cases where the officers have been forcibly obtaining blood samples without warrants under the alleged authority of the statute. And because *Beeman* involved a war-

rant, its language about warrantless blood draws is dicta. *See Weems*, 434 S.W.3d at 659–61. Moreover, as intimated by the San Antonio court in *Weems*, the dicta in *Beeman* is likely not viable after *McNeely*. *See id.*, 434 S.W.3d at 660 ("[w]e relied on this dicta in *Beeman* in *Aviles*"); *see also Forsyth*, 438 S.W.3d at 221, 2014 WL 3865777, at *4 ("court's explanation of implied consent law in *Beeman* is dicta"); *id.* ("Furthermore, the implied consent statute, at the time *Beeman* was issued, did not contain a provision directing officers to take the blood of a DWI arrestee that had previously twice been arrested for DWI.").

suspect's blood whenever he learns that the individual has been convicted two or more times of driving while intoxicated.").

- *Id.*, 436 S.W.3d at 32 ("Housmans conceded, too, that he did not seek out a magistrate the night appellant was arrested; it was Housmans's understanding of Section 724.012 that he was not required to do so. In fact, Housmans testified that he understood Section 724.012 as placing upon him a duty to take appellant for a mandatory blood draw under the circumstances presented to him the night appellant was arrested: 'I have no discretion. The statute says I shall.' To fail to do so, he testified, would mean that he 'would be violating the law.' ").
- *Villarreal*, 476 S.W.3d at 58–59, 2014 WL 1257150, at *11 ("The officer's sole basis for not getting a warrant was that the repeat offender provision of the mandatory blood draw law required him to take a blood sample without appellee's consent and without the necessity of obtaining a search warrant.").

Plainly, the statute's silence on warrants explains the officers' views that the statute authorizes them to compel warrantless blood draws. *See Forsyth*, 438 S.W.3d at 219, 2014 WL 3865777, at *2 ("Officer McDaniel acknowledged that there were magistrates available to issue a search warrant twenty-four hours a day, but stated that he could not have secured a warrant because that 'is not what you do according to law or policy.' ").

Because of the statute's silence on warrants and the indisputable practice of warrantless blood draws based solely on the silent statute, and based on the Texas progeny of *McNeely* that border on a finding of facial unconstitutionality, I cannot agree with the majority that McGruder's facial challenge to section 724.012(b) fails. *See Holidy*, 2014 WL 1722171, at *1 ("we reverse the conviction herein based on the unconstitutionality of the statute"); *see also State v. Baker*, No. 12-12-00092-CR, 2013 WL 5657649, at *4 (Tex.App.-Tyler Oct. 16, 2013, pet. granted) (mem. op., not designated for publication) (citing *State v. Mosely*, 348 S.W.3d 435, 442 (Tex.App.-Austin 2011, pet. ref'd), for the proposition that "Chapter 724 does not authorize what the constitution forbids and cannot authorize an involuntary draw when the constitution forbids it").

Accordingly, I respectfully dissent.