

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1263-14

**MICHAEL ANTHONY McGRUDER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## BRAZOS COUNTY

**PER CURIAM.**

## O P I N I O N

Section 724.012(b)(3)(B) of the Texas Transportation Code requires an officer who

has arrested a driver for the offense of Driving While Intoxicated to take a specimen of that

driver's breath or blood for an analysis of blood alcohol concentration when the officer has

reliable information that the driver already has two or more prior DWI offenses. TEX. TRANS.

CODE § 724.012(b)(3)(B). The DWI offender with two prior DWI convictions may not

refuse, and the police *must* compel him to give a specimen, even in the absence of his assent-

in-fact, under Section 724.012(b)(3)(B). In the instant case, Appellant's sole argument is that Section 724.012 violates the Fourth Amendment *on its face* because it requires an arresting officer to take a specimen for blood-alcohol analysis regardless of whether he either 1) first obtains a warrant or else 2) acts upon particularized exigent circumstances that would obviate the need for a warrant. Appellant does not argue, and we do not address, whether Section 724.012(b)(3)(B) may have operated in an unconstitutional manner as applied to him. We will vacate the court of appeals's judgment and remand the cause for further proceedings.

Appellant was driving a truck that was apparently connected to a suspicious person report. Police observed him pull somewhat sideways into a parking space in an apartment complex and then watched him disembark from the truck. They approached Appellant to question him about the circumstances of the suspicious person report, but it soon became apparent that he was intoxicated, and they arrested him. As they were preparing an affidavit to obtain a warrant for a blood specimen, they learned that Appellant had two prior convictions for DWI, so they took him straight to the hospital without a warrant and had a phlebotomist draw his blood. It was their understanding that no warrant was required because Appellant met the criteria for an automatic blood draw under the provisions of Section 724.012(b)(3)(B). Later analysis revealed a blood alcohol concentration of .09.

Appellant did not file a pre-trial motion to suppress the results of the blood analysis. Instead, at the time that the blood vial was introduced into evidence during a trial before the court, Appellant objected that the statute was unconstitutional because, among other things,

it "allows for the collection of evidence without a search warrant[.]" The trial court overruled this objection and admitted the blood vial. When the State later proffered the written report of the forensic analysis reflecting a blood alcohol concentration of .09 grams of alcohol per 100 millimeters of blood, Appellant simply stated, "Renew my earlier objection."[1] Again, the trial court admitted the evidence. Appellant was convicted of felony DWI and his punishment, enhanced by two prior, non-DWI felony offenses, was assessed by the trial court at thirty years' confinement in the penitentiary.

Appellant framed his only point of error on appeal as follows: "In the absence of exigent circumstances or consent, Section 724.012(b)(3)(B) of the Texas Transportation Code, violates the Texas and United States constitutional prohibitions against unreasonable searches and seizures." Appellant's Brief on Direct Appeal at 7. The Tenth Court of Appeals construed this to be a facial challenge to the constitutionality of the statute, not an as-applied challenge, and rejected it as such. *McGruder v. State*, 475 S.W.3d 345, 349-50 (Tex. App.—Waco 2014). Justice Davis dissented. *Id*. at 350-53. In his petition for discretionary review, Appellant urges us to reverse the judgment of the court of appeals and hold that the

---

[1] Appellant did not object, however, to the forensic chemist's oral testimony to the same effect. Given our disposition of Appellant's sole ground for review, the court of appeals may wish to address whether the doctrine of curative admissibility might apply. *See* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §53:82, at 1058 (3rd ed. 2011) ("The admission of improper evidence does not constitute reversible error if the same facts were proved by evidence which was not objected to."). An appellate court may not reverse a conviction without first addressing any issue of error preservation that might be presented by the record. *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012).

statute is unconstitutional on its face.[2]

"A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles, California v. Patel*, 135 S.Ct. 2443, 2449 (2015). "Fourth Amendment challenges to statutes authorizing warrantless searches are no exception" to the general rule that facial constitutional attacks may "proceed under a diverse array of constitutional provisions." *Id*. Indeed, "facial challenges under the Fourth Amendment are not categorically barred or especially disfavored." *Id*. Still, no appellate court in Texas of which we are aware has yet declared Section 724.012(b)(3)(B) to be unconstitutional on its face.[3] This is no surprise, since facial challenges to the constitutionality of a statute are not ordinarily easy to establish. Resolution of a facial challenge to the constitutionality of a statute focuses on the language of the statute itself "rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). Because there is no "recognized . . . 'overbreadth' doctrine outside the limited context of the First Amendment[,]" a defendant who challenges the facial constitutionality of a statute beyond that limited First Amendment context has "the most difficult challenge to mount successfully, since [he] must establish that no set of circumstances exists under which the [challenged

---

[2] For the first time in his merits brief on petition for discretionary review, Appellant argues that the court of appeals erred to construe his point of error on appeal to be limited to a facial challenge to the constitutionality of the statute, claiming that he also argued on appeal (if multifariously) that the statute was unconstitutional as applied to the facts of his case. We did not grant discretionary review to address this question.

[3] At least one other court of appeals has held that Section 724.012(b) is not unconstitutional on its face. *Gore v. State*, 451 S.W.3d 182, 189 (Tex. App.—Houston [1st Dist.] 2014, pet. filed).

statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *State ex rel. Lykos v. Fine*, 330 S.W.3d at 909 & n. 13.[4] In other words, "to prevail on a facial challenge" of the sort Appellant brings here, he "must establish that the statute always operates unconstitutionally in all possible circumstances." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

The court of appeals observed that the statute, "as written, . . . does not require a blood or breath specimen to be taken contrary to the Fourth Amendment; that is, without a warrant or a recognized exception to the warrant requirement." *McGruder*, 475 S.W.3d at 350. Because the statutory mandate could be carried out consistently with the dictates of the Fourth Amendment, the court of appeals concluded, it was not unconstitutional on its face. *Id*. When the court of appeals was considering the merits of this case, it did not have the benefit of the decision of the United States Supreme Court in *City of Los Angeles v. Patel*, *supra* (determining the standard of review for facial constitutionality) or the decision of this Court in *State v. Villarreal*, 475 S.W.3d 784, 813 (Tex. Crim. App. 2014) (holding that Section 724.012(b)(3)(B) of the Texas Transportation Code does not, by itself, "form a constitutionally valid alternative to the Fourth Amendment warrant requirement"). We vacate the judgment of the court of appeals and remand the cause to that court for further consideration in light of the intervening opinions in *Villarreal* and *Patel*.

---

[4] *See also Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 457 (2008) (citing *Schall v. Martin*, 467 U.S. 253, 264 (1984), for the proposition that "a facial challenge fails where 'at least some' constitutional applications exist").

DELIVERED:     February 24, 2016
PUBLISH