

# IN THE
# TENTH COURT OF APPEALS

―――――――

### No. 10-13-00109-CR

**MICHAEL ANTHONY MCGRUDER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

―――――――

**From the 85th District Court
Brazos County, Texas
Trial Court No. 11-05822-CRF-85**

---

## MEMORANDUM OPINION

---

Michael Anthony McGruder was convicted of the offense of driving while intoxicated, a felony offense, and sentenced to 30 years in prison. *See* TEX. PENAL. CODE ANN. § 49.04 (West 2011). In an opinion issued August 14, 2014, a majority of this Court held that because section 724.012(b)(3)(B) of the Texas Transportation Code was not unconstitutional on its face, the trial court's judgment was affirmed. *McGruder v. State*,

475 S.W.3d 345 (Tex. App.—Waco 2014), *vacated and remanded by*, 483 S.W.3d 880 (Tex. Crim. App. 2016).[1]

The Court of Criminal Appeals vacated our judgment and remanded the appeal to us because we did not have the benefit of cases that were decided by the United States Supreme Court and the Texas Court of Criminal Appeals. *McGruder*, 483 S.W.3d at 883-84. In a footnote, however, the Court of Criminal Appeals suggested an alternate method of disposing this case:

> Appellant did not object, however, to the forensic chemist's oral testimony to the same effect. Given our disposition of Appellant's sole ground for review, the court of appeals may wish to address whether the doctrine of curative admissibility might apply. *See* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 53:82, at 1058 (3rd ed. 2011) ("The admission of improper evidence does not constitute reversible error if the same facts were proved by evidence which was not objected to."). An appellate court may not reverse a conviction without first addressing any issue of error preservation that might be presented by the record. *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012).

*Id*. at 882, n. 1.

This alternate method of disposing the appeal has now been briefed on remand by the State. The State's briefing on remand is to the same effect as the Court of Criminal Appeals' suggestion in footnote 1 above. McGruder was given the opportunity to

---

[1] The procedural and legal development of this case is presented in the Court's original opinion and in the opinion of the Court of Criminal Appeals. There is no need for us to restate that development.

provide an amended or supplemental brief on remand but specifically declined to do so. *See* Tex. R. App. P. 38.6(a); *Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990).

At trial, McGruder objected to the introduction into evidence of the blood draw kit and blood draw vial, referred to in appellant's original brief as "the blood evidence," on the basis that section 724.012 of the Texas Transportation Code is unconstitutional. Later, McGruder also objected to the lab report which contained the blood alcohol content results of McGruder's blood test by stating, "Renew my earlier objection." He did not, however, object to the chemist's testimony, which occurred prior to the introduction of the lab report, that McGruder's blood alcohol content was .09 grams per 100 milliliters.

It is well-settled that the erroneous admission of testimony is not cause for reversal "if the same fact is proven by other testimony not objected to." *Smith v. State*, No. PD-1615-14, 2016 Tex. Crim. App. LEXIS 89, at *11 (Tex. Crim. App. 2016) (publish), *quoting Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Because McGruder did not object to the chemist's testimony regarding McGruder's blood alcohol content, no reversible error in admitting the "blood evidence" is presented. *See id*. ("Even if appellant had obtained a ruling on his objection *to the blood vial itself*, the test results were already in evidence." Emphasis added.); *see also Lane v. State*, 151 S.W.3d 188 (Tex. Crim. App. 2004) (no reversible error presented when victim's out of court statements came into evidence without objection).

Accordingly, McGruder's sole issue is overruled, and the trial court's judgment is affirmed.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs without opinion)
Affirmed
Opinion delivered and filed July 27, 2016
Do not publish
[CRPM]

