In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00125-CR**
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**MARC DAVENPORT, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-06-07318-CR**

**MEMORANDUM OPINION**

The State appeals the trial court's order dismissing the indictment against Appellee Marc Davenport (Davenport or Appellee) for conspiracy to circumvent the Texas Open Meetings Act. We reverse the trial court's order dismissing the indictment and remand the cause to the trial court for further proceedings consistent with this opinion.

On June 24, 2016, a Grand Jury indicted Appellee, Marc Davenport, for Conspiracy to Circumvent the Texas Open Meetings Act under section 551.143 of the Government Code. *See* Tex. Gov't Code Ann. § 551.143 (West 2017). Although Davenport and the State agree that he was not a member of a "governmental body," Davenport was charged as a party to the conspiracy with language in the indictment tracking Penal Code section 7.02(a)(2). *See* Tex. Penal Code Ann. § 7.02(a)(2) (West 2011). The indictment alleged that:

> . . . Marc Davenport, on or about August 11, 2015 and continuing through August 24, 2015 and before the presentment of this indictment, . . . did then and there, with the intent to promote or assist the commission of the offense described herein, solicit, encourage, direct, aid or attempt to aid Jim Clark or Charlie Riley or Craig Doyal who, did then and there as a member of a governmental body, to wit: the Montgomery County Commissioner's Court, knowingly conspire to circumvent Title 5 Subtitle A Chapter 551 of the Texas Government Code . . . by meeting in a number less than a quorum for the purpose of secret deliberations in violation of the Texas Open Meetings Act, to wit: by engaging in a verbal exchange concerning an issue within the jurisdiction of the Montgomery County Commissioners Court, namely, the contents of the potential structure of a November 2015 Montgomery County Road Bond[.]

Riley and Doyal were indicted in separate indictments.

On October 31, 2016, Davenport filed a Motion to Dismiss for Lack of Jurisdiction arguing that Davenport was not a member of a "governmental body" and that at no time was he acting as a "public servant" or "in an official capacity as a public servant." The trial court denied Davenport's Motion to Dismiss for Lack of

Jurisdiction.[1] Davenport also opposed the State's proposal to join or consolidate for trial Davenport's case with two other cases, *State of Texas v. Craig Doyal*, No. 16-06-07315-CR, and *State of Texas v. Charlie Riley*, No. 16-06-07316-CR.

On March 20, 2017, Doyal filed a Motion to Dismiss the Indictment in Doyal's case. On March 22, 2017, Davenport filed a Motion to Join Defendant Craig Doyal's Motion to Dismiss the Indictment. The Doyal motion asserted that section 551.143 of the Government Code must be reviewed under strict scrutiny, is facially unconstitutional because it violates the First Amendment, and is overbroad, vague and confusing.[2] The trial court held a hearing on the motion to dismiss. On April 4, 2017, in three separate orders, the trial court dismissed the indictments against Davenport, Doyal, and Riley. The State appealed.

We overturned the trial court's ruling granting Doyal's motion to dismiss. *See State v. Doyal*, No. 09-17-00123-CR, slip. op. (Tex. App.—Beaumont Feb. 7, 2018, no pet. h.), *available at* http://www.search.txcourts.gov/

---

[1] Davenport filed a petition for a writ of mandamus with this Court challenging the trial court's jurisdiction on the basis that he is not a public servant. *See In re Davenport*, No. 09-17-00084-CR, 2017 Tex. App. LEXIS 2571 (Tex. App.—Beaumont Mar. 23, 2017) (orig. proceeding). We denied the petition after concluding that Davenport failed to show why a challenge on direct appeal would be an inadequate remedy. *Id*. at *2.

[2] An appellate court may take judicial notice of its own records, such as pleadings, in the same or related proceedings involving the same or nearly same parties. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987).

DocketSrch.aspx?coa=coa09. And, we overturned the trial court's ruling granting Riley's motion to dismiss. *See State v. Riley*, No. 09-17-00124-CR, slip. op. (Tex. App.—Beaumont Feb. 7, 2018, no pet. h.), (mem. op. not designated for publication), *available at* http://www.search.txcourts.gov/DocketSrch.aspx?coa=coa09. For the reasons discussed in *State v. Doyal* and *State v. Riley*, we also reverse the order dismissing Davenport's indictment.

In remanding Davenport's case, we emphasize that the only matter that is currently before us pertains to the facial constitutional challenges that were made in Doyal's Motion to Dismiss. Davenport did not assert any additional grounds for dismissal in Davenport's Motion to Join. No other challenges or issues are currently before us in this appeal. We expressly have not ruled upon an "as applied challenge" nor have we been asked to review the application of the statute to Davenport, a consultant and someone who alleges he is not a member of a governmental body.

While a defendant has the right to seek a dismissal of an indictment based on a claim that the statute under which the defendant was indicted is facially invalid, the bar to succeeding on these types of claims is high. The United States Supreme Court has explained: "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v.*

4

*Salerno*, 481 U.S. 739, 745 (1987); *see also McGruder v. State*, 483 S.W.3d 880, 883 (Tex. Crim. App. 2016).[3]

The overbreadth doctrine is "strong medicine" that is used "sparingly and only as a last resort." *State v. Johnson*, 475 S.W.3d 860, 865 (Tex. Crim. App. 2015) (citing *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 14 (1988); *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973); *Ex parte Thompson*, 442 S.W.3d 325, 349 (Tex. Crim. App. 2014)). When making a "substantial overbreadth" challenge under the First Amendment, the challenger must establish that the statute as written "prohibit[s] a substantial amount of protected expression, and the danger that the statute will be unconstitutionally applied must be realistic and not based on 'fanciful hypotheticals.'" *Id.* (footnotes omitted) (quoting *United States v. Stevens*, 559 U.S. 460, 485 (2010) (Alito, J., dissenting)). Therefore, Davenport had the burden to

_____

[3] Courts are directed to avoid sustaining a defendant's facial challenge to a statute when possible because such challenges, when they are sustained, allow the courts to nullify a legislative act without first requiring that a record be created regarding the defendant's conduct. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008) (noting that facial challenges are disfavored for several reasons, explaining that they often rest on speculation, run contrary to the principles of judicial restraint, and threaten to short circuit the democratic process); *see also King St. Patriots v. Tex. Democratic Party*, 521 S.W.3d 729, 737 (Tex. 2017) ("'It is not the usual judicial practice . . . nor do we consider it generally desirable, to proceed to an overbreadth issue unnecessarily— that is, before it is determined that the statute would be valid as applied.'") (quoting *Bd. of Trs. of the State Univ. of N.Y. v. Fox*, 492 U.S. 469, 485-86 (1989)).

demonstrate "'that a substantial number of instances exist in which the Law cannot be applied constitutionally.'" *See id.* (quoting *N.Y. State Club Ass'n*, 487 U.S. at 14). "The Supreme Court 'generally does not apply the "strong medicine" of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law.'" *Id.* (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-50 n.6 (2008)). Based upon the appellate record currently before us, we conclude that Davenport has failed to establish that the statute in question prohibits a substantial amount of activity that is protected by the First Amendment, judged in relation to its plainly legitimate sweep.

We sustain the State's appellate issues, reverse the trial court's order dismissing Davenport's indictment, and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice


Submitted on January 24, 2018
Opinion Delivered February 7, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

6