In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00124-CR
_____


THE STATE OF TEXAS, Appellant

V.

CHARLIE RILEY, Appellee


On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 16-06-07316-CR


**MEMORANDUM OPINION**

In June 2016, a grand jury indicted several of the members of the Montgomery County Commissioners Court, including Charlie Riley, for conspiring to violate the Texas Open Meetings Act (TOMA). *See* Tex. Gov't Code Ann. § 551.143 (West 2017). In pertinent part, Riley's indictment alleges he knowingly conspired to circumvent TOMA over a two-week period that began on August 11, 2015, by "meeting in a number less than a quorum for the purpose of secret

deliberations" regarding "the contents of the potential structure of a November 2015 Montgomery County Road Bond[.]" Subsequently, Riley filed a motion with the trial court asking the court to dismiss his indictment.[1] Riley's motion asserts that section 551.143 of TOMA is unconstitutional on its face. According to the arguments that are presented in the motion, the conspiracy provisions that are in TOMA violate the rights of elected public officials to engage in free speech and are unconstitutional

---

[1] Technically, Riley filed a "Motion to Join Defendant Craig Doyal's Motion to Dismiss the Indictment," which Doyal filed in trial court cause number 16-06-07315-CR. However, the cases were not filed in the same trial court cause numbers, the record does not contain an order granting Riley's motion to join Doyal's motion, and the record does not show that Riley's case was consolidated with the case the State filed against Doyal. Riley's motion states that he "adopts and joins" Doyal's motion, and Riley advanced no arguments in his motion separate from those presented by Doyal in his motion to dismiss. Doyal's motion to dismiss was filed in cause number 16-06-07315-CR, a case that is styled *The State of Texas v. Craig Doyal*. Nonetheless, the transcript from the hearing the trial court conducted on the motion to dismiss reflects that the trial judge who presided over Riley's case also presided over the case against Doyal. The trial court conducted a joint hearing on Riley's and Doyal's motions. During the hearing, the State did not complain that the Code of Criminal Procedure does not authorize a defendant in one case to file a motion adopting motions filed by another defendant in another case. The transcript of the motion to dismiss hearing reflects that the attorneys for Doyal, Riley, and Marc Davenport, another defendant who the State alleged engaged in the conspiracy, were present and participated in the hearing on the requests these defendants filed to dismiss their indictments. The attorneys for the defendants represented that they were acting together and calling witnesses together on their respective motions. Because the trial court granted Riley's motion, the trial court's decision appears to have been based on the grounds that Doyal presented in his motion, as Riley's motion did not advance any grounds that were separate from the grounds that Doyal advanced in his motion.

2

restrictions on their rights because the provisions in TOMA are overly broad. *See* U.S. CONST. amend. I (prohibiting Congress from making a law that abridges the freedom of speech); U.S. CONST. amend. XIV (prohibiting a State from making or enforcing any law that abridges the privileges or immunities of a citizen of the United States); Tex. Gov't Code Ann. § 551.143 (making it an offense to conspire to circumvent TOMA). Riley's motion further asserts that because the conspiracy provisions in TOMA fail to sufficiently define the conduct that is prohibited by the Act, the provisions are vague and confusing such that the ordinary citizen cannot determine how he can avoid violating the statute.

In *State v. Doyal*, an opinion we handed down today, the Court overturned the trial court's order granting Craig Doyal's motion to dismiss because Doyal failed to meet his burden to establish that the conspiracy provisions in TOMA always operate unconstitutionally under all possible circumstances. No. 09-17-00123-CR, slip op. (Tex. App.—Beaumont Feb. 7, 2018, no pet. h.), *available at* http://www.search.txcourts.gov/DocketSrch.aspx?coa=coa09. For the same reasons, we also hold that Riley failed to meet his burden to establish that the conspiracy provisions at issue always operate unconstitutionally under all possible circumstances. *See id.* For the reasons that we explained in *Doyal*, we reverse the order the trial court signed granting Riley's motion to dismiss. *Id.* at 11-14.

In remanding Riley's case for further proceedings, we recognize that Riley did not ask the trial court to consider if section 551.143 of TOMA operated unconstitutionally "as applied" to the facts and circumstances of his particular case. Consequently, the facts and circumstances that led to the indictments of Montgomery County's elected officials were not at issue in this appeal, which concerned only the much broader question of whether the provision in the statute that Riley challenged always operated unconstitutionally under all possible circumstances. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (explaining that "as applied" challenges to the constitutionality of a statute require the facts of the case to be developed, so such challenges "cannot be properly raised by a pretrial motion to quash the charging instrument").

We also note the very high bar that defendants face when they claim that a statute is facially invalid. The United States Supreme Court has explained: "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see also McGruder v. State*, 483 S.W.3d 880, 883 (Tex. Crim. App. 2016) (explaining that to prevail on a facial challenge, the defendant is required to establish that the statute always operates unconstitutionally with respect to all possible

4

circumstances). Courts strive to avoid sustaining facial invalidity challenges because granting such claims allows a court to nullify a legislative act without the benefit of a record to establish what the defendant did to allegedly violate a statute. *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450-51 (2008) (noting that facial challenges are disfavored for several reasons, explaining that they often rest on speculation, run contrary to the principles of judicial restraint, and threaten to short circuit the democratic process). The Texas Supreme Court also indicates that courts should avoid granting motions claiming that statutes are facially invalid "'for reasons relating both to the proper functioning of courts and to their efficiency[.]'" *King St. Patriots v. Tex. Democratic Party*, 521 S.W.3d 729, 737 (Tex. 2017) (quoting *Bd. of Trs. of the State Univ. of N.Y. v. Fox*, 492 U.S. 469, 485 (1989)). In other words, the courts have a judicial preference requiring "the lawfulness of the particular application of the law" to "be decided first[,]" a process that in criminal cases nearly always requires a trial. *Id*. at 737-38.

While we have concluded that Riley failed to meet his burden of proving his facial invalidity and vagueness claims, we have neither considered nor is it appropriate at this point for us to consider whether section 551.143 is invalid "as applied." Consequently, this opinion cannot be interpreted as any indication regarding this Court's views regarding the validity of the allegations that are in

5

Riley's indictment. We cannot overemphasize that individuals charged with crimes, including elected officials, are presumed innocent prior to trial. *See* Tex. Code Crim. Proc. Ann. art 38.03 (West Supp. 2017).[2]

We sustain the State's appellate issues, reverse the trial court's order dismissing Riley's indictment, and remand the cause to the trial court for further proceedings consistent with the Court's opinion.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on January 24, 2018
Opinion Delivered February 7, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

_____

[2] Article 38.03 of the Code of Criminal Procedure provides:

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

Tex. Code Crim. Proc. Ann. art. 38.03 (West Supp. 2017).