**Opinion filed July 31, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00224-CR

_____

### THE STATE OF TEXAS, Appellant

### V.

### GARY MARK BALLARD, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41355**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Gary Mark Ballard for the felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2013). Appellee moved to suppress the results of his blood draw and argued that the officer illegally seized his blood. The trial court granted his motion to suppress. The State appeals the trial court's ruling. We affirm.

In a single issue, the State contends that implied consent is a valid exception to the warrant requirement and, thus, because Appellee gave implied consent to a blood draw under Chapter 724 of the Texas Transportation Code, the trial court erred when it granted Appellee's motion to suppress. Section 724.012 of the Texas Transportation Code provides that an officer "shall require the taking of a specimen of the person's breath or blood . . . if the officer arrests the person for [DWI] and the person refuses the officer's request to submit to the taking of a specimen voluntarily" and one of three circumstances are met. TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011). The circumstance that is at issue in this case is that, "at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person" has been twice convicted of DWI. *See id.* § 724.012(b)(3)(B). Section 724.011 provides that, if a person is arrested for DWI, the person is deemed to have consented to the submission of a specimen of breath or blood for analysis in order to determine the alcohol concentration in the person's body. *Id.* § 724.011.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 327. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

In this case, the parties agreed to the underlying facts and further agreed that there was no additional exigency arising out of the underlying facts. The dispute between the parties was whether the United States Supreme Court's ruling in *Missouri v. McNeely*, 133 S.Ct. 1552 (2013), affected the constitutionality of mandatory blood draws under Chapter 724 of the Texas Transportation Code.

The agreed findings of fact show that Appellee was driving in Midland when his pickup hydroplaned and left the roadway. Appellee's pickup came to a stop after it hit a barbed wire fence. No one was injured in the accident. Officers came to the scene and noticed a strong odor of alcohol on Appellee's breath. One of the officers administered several field sobriety tests. Based on Appellee's performance, the officer concluded that Appellee should be placed under arrest for DWI. The officer determined that Appellee had been previously convicted of a "DWI second" and asked Appellee if he would consent to a blood draw. Appellee refused, and the officer transported him to the Midland County Detention Center where a medical technician drew his blood. The results of the blood draw showed that Appellee had a blood alcohol level of 0.246.

In addition to the agreed findings of fact, the trial court also found that the officer did not attempt to secure a warrant or make an effort to determine if a magistrate was available. The trial court further found that the blood draw was done without the presence of exigent circumstances and that the State did not present any circumstances that suggested the officer faced an emergency in which she could not practically obtain a warrant. The trial court stated in its supplemental conclusions of law that mandatory blood draws taken pursuant to Chapter 724 of the Texas Transportation Code are affected by the United States Supreme Court's ruling in *McNeely* and that *McNeely* requires an officer to articulate exigent circumstances beyond the natural dissipation of alcohol in order to negate the warrant requirement. The trial court further stated that, although *McNeely* did not

abrogate the applicable section of the Texas Transportation Code, the opinion also did not address whether blood taken pursuant to the statute was constitutional. The trial court concluded that warrantless blood specimens taken pursuant to Section 724.011 are in violation of the Fourth Amendment and are therefore unconstitutional and are properly excludable from evidence. The trial court concluded that the blood draw was an unreasonable search in violation of the Fourth Amendment and granted Appellee's motion to suppress the evidence.

On appeal, the State argues that an accused's implied consent, under the Texas mandatory blood draw statute, is a valid exception to the "warrant preference." The State contends that an accused does not have the right to refuse to provide a specimen when an officer has probable cause to believe that the accused has committed a DWI and has already been twice convicted of DWI. Thus, the State asserts that implied consent is irrevocable in such situations.

Appellee argues that voluntary consent is a recognized exception to the warrant requirement, but that implied consent has not been recognized as a valid exception. Therefore, because Appellee refused to submit to a blood draw and because the State presented no exigent circumstances beyond the normal dissipation of alcohol, the State failed to show that the search was valid under the exigent circumstances or consent exceptions to the warrant requirement.

We agree with Appellee that implied consent is not a recognized exception to the warrant requirement and that the State cannot rely on implied consent alone to justify a warrantless blood draw under the Texas Transportation Code. In *Forsyth v. State*, No. 11-12-00198-CR (Tex. App.—Eastland July 31, 2014, no pet. h.), an opinion we are also handing down today, we held that implied consent is not a recognized exception to the warrant requirement, and we discussed in great detail our reasoning behind our holding. *See also Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299 (Tex. App.—San Antonio May 14, 2014, pet. filed)

4

(holding that the implied consent and mandatory blood draw statutory scheme found in the Transportation Code is not an exception to the Fourth Amendment's warrant requirement; warrantless blood draw must be based on a well-recognized exception to the Fourth Amendment); *Holidy v. State*, No. 06-13-00261-CR, 2014 WL 1722171 (Tex. App.—Texarkana Apr. 30, 2014, pet. filed) (mem. op., not designated for publication) (holding that officer violated defendant's Fourth Amendment rights when he took defendant's blood pursuant to Section 724.012(b)(3)(B) without a warrant or exigent circumstances); *Reeder v. State*, 428 S.W.3d 924 (Tex. App.—Texarkana 2014, pet. filed) (op. on reh'g) (holding warrantless blood draw pursuant to repeat offender provision of implied consent statute violated the Fourth Amendment in absence of warrant or exigent circumstances); *Sutherland v. State*, No. 07-12-00289-CR, 2014 WL 1370118 (Tex. App.—Amarillo Apr. 7, 2014, pet. filed) (holding warrantless blood draw pursuant to repeat offender provision of implied consent statute violated Fourth Amendment's warrant requirement in the absence of warrant or exigent circumstances or the suspect's consent); *State v. Villarreal*, No. 13-13-00253-CR, 2014 WL 1257150 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted) (holding repeat offender provision of the mandatory blood draw law did not constitute an exception to the Fourth Amendment's warrant requirement).

Therefore, based on our reasoning and holding in *Forsyth* that implied consent is not a valid exception to the warrant requirement and because the State failed to show that there were exigent circumstances beyond the normal dissipation of alcohol, that Appellee voluntarily consented to the blood draw, or that any other valid exception to the warrant requirement applied in this case, we hold that the trial court did not err when it granted Appellee's motion to suppress. We overrule the State's sole issue on appeal.

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


July 31, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.