PD-0412-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/8/2015 2:35:21 PM
Accepted 5/12/2015 1:17:04 PM
ABEL ACOSTA
CLERK

# IN THE COURT
## OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| **JOSHUA ED BOWYER,** | § | |
| *APPELLANT* | § | |
| | § | |
| **V.** | § | **NO. PD-0412-15** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| *APPELLEE* | § | |

§ § §

## STATE'S PETITION FOR DISCRETIONARY REVIEW

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief, Post-Conviction

TANYA S. DOHONEY
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687 FAX (817) 884-1672
State Bar No. 02760900
ccaappellatealerts@tarrantcountytx.gov

LISA C. MCMINN,
State Prosecuting Attorney

FILED IN
COURT OF CRIMINAL APPEALS

May 12, 2015

ABEL ACOSTA, CLERK

**ORAL ARGUMENT IS NOT REQUESTED**

# IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

The Hon. Sharen Wilson, Tarrant County Criminal District Attorney, represents the State of Texas in this appeal. Additionally, representing the State on appeal is the Hon. Tanya S. Dohoney, Assistant Criminal District Attorney and Hon. Debra Windsor, Post-Conviction Chief. At trial, the Hon. Kelly Loftus and Hon. Tanya Dohoney represented the prosecution. The State's attorneys' address is Office of the Criminal District Attorney of Tarrant County, Tim Curry Criminal Justice Center, 401 W. Belknap, Fort Worth, Texas 76196-0201.

The Hon. Lisa C. McMinn is the State's Prosecuting Attorney. Mail for the Office of the State Prosecuting Attorney, located in the Price Daniel Sr. Building, may be sent to P.O. Box 13046, Austin, Texas, 78711.

Appellant, Defendant below, is Joshua Ed Bowyer. Hon. Mark G. Daniel and Hon. Richard A. Henderson represented Appellant at the trial court and now on appeal. Mr. Henderson offices at 100 Throckmorton Street, Suite 540, Fort Worth, Texas 76102, while Mr. Daniel's address is 115 West Second Street, Suite 202, Fort Worth, Texas 76102.

The State tried Appellant's case in the 371st Judicial District Court of Tarrant County, Texas, also located in the Tim Curry Criminal Justice Center. The Hon. Mollee Westfall presided over the case.

# SUBJECT INDEX

IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL............................. ii

SUBJECT INDEX ............................................................................... ii

INDEX OF AUTHORITIES..................................................................... v

STATEMENT REGARDING ORAL ARGUMENT........................................1

STATEMENT OF THE CASE ................................................................2

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE .............2

STATEMENT OF FACTS ......................................................................3

QUESTIONS PRESENTED FOR REVIEW...............................................4

FIRST QUESTION FOR REVIEW
  Does a warrantless, nonconsensual blood draw conducted pursuant to TEX. TRANSP. CODE § 724.012(b) violate the Fourth Amendment?  (1SCR at 7–31)

SECOND QUESTION FOR REVIEW
  Are Fourth Amendment warrant-preference exceptions the sole measure of Fourth Amendment reasonableness in warrantless scenarios?  (1SCR at 7–31)

THIRD QUESTION FOR REVIEW
  Do exclusionary rule principles mandate suppression of blood evidence seized via a warrantless, nonconsensual, valid-at-the-time mandatory blood draw?  (1SCR at 7–31)

ARGUMENT AND AUTHORITIES...........................................................5

I.  Valid, compelled statutory blood draw .............................................7

A.    Codification of Fourth Amendment principles............................8

B.    Special-needs framework adds to the reasonableness calculation.......................................10

C.    Erroneous consideration of the "Less Intrusive Means" test....11

II.    Implied-consent draws are reasonable ............................................12

III.    Exclusionary rule inapplicable and not invoked................................14

CONCLUSION AND PRAYER..................................................................177

CERTIFICATE OF COMPLIANCE ..........................................................188

CERTIFICATE OF SERVICE...................................................................188

APPENDIX ...........................................................................................A

# INDEX OF AUTHORITIES

## Cases

*Bowyer v. State*,
No. 02-13-00315-CR, 2015 WL 1120332
(Tex. App.—Fort Worth Mar. 12, 2015)
(mem. op., not designated for publication) .................................................2,4

*Breithaupt v. Abram*,
352 U.S. 432 (1957) ................................................................................... 13

*Cole v. State*,
454 S.W.3d 89 (Tex. App.—Texarkana 2014, pet. granted) ........................6

*Davis v. United States*,
___ U.S. ___, 131 S. Ct. 2419 (2011) ................................................ 14, 15

*Douds v. State*,
434 S.W.3d 842
(Tex. App.—Houston [14th Dist.] June 5, 2014, pet. granted) .................5, 6

*Heien v. North Carolina*,
135 S. Ct. 530 (2014) ............................................................................ 15, 16

*Holidy v. State*,
No. 06-13-00261-CR, 2014 WL 1722171
(Tex. App.—Texarkana Apr. 30, 2014, pet. granted)
(mem. op., not designated for publication) .................................................6

*Hulit v. State*,
982 S.W.2d 431 (Tex. Crim. App. 1998) .............................................. 12, 13

*Illinois v. Krull*,
480 U.S. 342 (1987) ................................................................................... 14

*Maryland v. King*,
569 U.S. ___, 133 S. Ct. 1958 (2013) ....................................................... 13

*McGee v. State*,
[105 S.W.3d 609 (Tex. Crim. App. 2003)](#) ...................................................13

*McGruder v. State*,
No. 10-13-00109-[CR, ___ S.W.3d ___, 2014 WL 3973089](#) ........................6

*Michigan Dept. of State Police v. Sitz*,
[496 U.S. 444 (1990)](#) ...................................................................13

*Michigan v. DeFillippo*,
[443 U.S. 31 (1979)](#) ....................................................................16

*Miles v. State*,
[241 S.W.3d 28 (Tex. Crim. App. 2007)](#) ........................................8

*Missouri v. McNeely*,
[569 U.S. ___, 133 S. Ct. 1552 (2013)](#) ...............................................*passim*

*Reeder v. State*,
[428 S.W.3d 930 (Tex. App.—Texarkana 2014, pet. granted)](#) .......................5

*Segundo v. State*,
[270 S.W.3d 79 (Tex. Crim. App. 2008)](#),
*cert. denied*, [558 U.S. 828 (2009)](#) .............................................................13

*Skinner v. Railway Labor Executives' Ass'n*,
[489 U.S. 602 (1989)](#) ........................................................... 10, 12, 13

*Smith v. State*,
No. 13-11-00694-[CR, ___ S.W.3d ___, 2014 WL 5901759](#)
(Tex. App.—Corpus Christi 2014, pet. granted) ...........................................6

*State v. Villarreal*,
[PD-0306-14, ___ S.W.3d ___](#),
[2014 WL 6734178 (Tex. Crim. App. 2014)](#)....................................*passim*

*Tharp v. State*,
[935 S.W.2d 157 (Tex. Crim. App. 1996)](#) .................................................10

*Vernonia School Dist. 47J v. Acton*,
515 U.S. 646 (1995) ................................................................................11

*Weems v. State*,
434 S.W.3d 655 (Tex. App.—San Antonio  2014, pet. granted) ..............5. 6

*Welsh v. Wisconsin*,
466 U.S. 740 (1984) ................................................................................9

**Statutes, Rules, Constitutions**

TEX. CODE CRIM. PROC. art. 14.04................................................................9

TEX. CODE CRIM. PROC. art. 18.16................................................................8

TEX. CODE CRIM. PROC. art. 38.23........................................................ 15, 16

TEX. PENAL CODE § 1.07 ............................................................................15

TEX. PENAL CODE § 49.045 .......................................................................2, 7

TEX. TRANSP. CODE § 524.012 ...................................................................10

TEX. TRANSP. CODE § 724.012 ............................................................*passim*

TEX. R. APP. P. 9.4 ....................................................................................18

TEX. R. APP. P. 66.3 .....................................................................................7

U.S. CONST. amend. IV .........................................................................*passim*

**IN THE COURT
OF CRIMINAL APPEALS OF TEXAS**

| | | |
|---|---|---|
| JOSHUA ED BOWYER, | § | |
| *APPELLANT* | § | |
| | § | |
| V. | § | NO. PD-0412-15 |
| | § | |
| THE STATE OF TEXAS, | § | |
| *APPELLEE* | § | |

## STATE'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF
THE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through her Tarrant County Criminal District Attorney, and respectfully urges this Court to grant discretionary review of this cause in accordance with the rules of appellate procedure.

## STATEMENT REGARDING ORAL ARGUMENT

Although the reasonableness of statutory mandatory blood draws merits argument, this Court has already granted petitions on similar issues and heard arguments from other parties regarding the issues discussed herein. Therefore, the State does not request argument in this case.

1

## STATEMENT OF THE CASE

Appellant premised a pretrial suppression claim on the Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013). (1CR at 16–19; 2RR; 3RR). The trial judge rejected the defense argument attacking the validity of blood seized pursuant to the Texas implied-consent statute. (1SCR at 7–31; 3RR at 109). Appellant pled guilty to felony DWI with a child passenger younger than fifteen years of age. (1CR at 94–98, 101–03; 4RR at 5–7). The judge sentenced Appellant to two years' confinement, probated for five years, with fifteen days in jail as a probation condition and a $1000 fine. (1CR at 59–69; 4RR at 6–8). TEX. PENAL CODE § 49.045.[1]

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Fort Worth Court of Appeals reversed the trial court's suppression ruling in an unpublished opinion authored by Justice Bill Meier. Justice Lee Gabriel rounded out the panel; the third justice, Hon. Bob McCoy, retired in the interim. *Bowyer v. State*, No. 02-13-00315-CR, 2015 WL 1120332, at *1 & n.2 (Tex. App.—Fort Worth Mar. 12, 2015).

---

[1]  Statutory references cited throughout refer to the current version unless noted.

2

Rehearing was not sought. The State timely files this petition, following one extension.

## STATEMENT OF FACTS

Appellant pled guilty to driving while intoxicated with a child passenger under the age of fifteen, a state jail felony. (1CR at 94–98, 101–03; 4RR at 5–7). Appellant's arrest arose after he attempted to park his truck in the season ticket holder's reserved parking lot at The Ballpark in Arlington to attend a game. (RR2:11, 19–20). When parking, Appellant collided with a Mercedes parked next to Appellant's spot, sheering the mirror off of the stationary vehicle. (RR2:12–14, 19). Appellant twice denied hitting the parked car, lost his balance when surveying the vehicular damage, and exhibited multiple intoxication symptoms in addition to his impaired balance. (RR2:16; RR3:11–13, 16–18, 26–28, 31–33, 99–100). Appellant's sole passenger was his two-year-old son. (2RR at 15, 30; 3RR at 11, 15).

Upon arresting Appellant, Arlington officers took him to a local hospital, not the police station, because Appellant consented to allow his blood drawn. (2RR at 34–35, 37–38, 43, 73–74, 98–99). While the officer completed the blood-draw paperwork at the hospital, Appellant changed his

3

mind and thereafter refused to submit a sample; Appellant also refused to sign the officer's forms indicating his refusal. (2RR at 28–43; 5RR at SX1, SX2). Therefore, while still at the hospital, the officer obtained a mandatory blood draw since Appellant violated the DWI-with-a-child-passenger statute, section 49.045 of the Texas Penal Code. *See* TEX. TRANSP. CODE §724.012(b)(2). (RR2:35–36, 43; RR5:SX3).

After his unsuccessful suppression hearing, Appellant pled guilty. He appealed, relying on *McNeely* to complain of the trial court's pretrial denial of his motion to suppress. *Missouri v. McNeely*, 569 U.S. \_\_\_, 133 S. Ct. 1552 (2013); *Bowyer*, 2015 WL 1120332.

## QUESTIONS PRESENTED FOR REVIEW

### FIRST QUESTION FOR REVIEW

**Does a warrantless, nonconsensual blood draw
conducted pursuant to TEX. TRANSP. CODE § 724.012(b)
violate the Fourth Amendment?
(1SCR at 7–31)**

### SECOND QUESTION FOR REVIEW

**Are Fourth Amendment warrant-preference exceptions
the sole measure of Fourth Amendment reasonableness
in warrantless scenarios?
(1SCR at 7–31)**

4

## THIRD QUESTION FOR REVIEW

**Do exclusionary rule principles mandate suppression of
blood evidence seized via a warrantless, nonconsensual,
valid-at-the-time mandatory blood draw?
(1SCR at 7–31)**


## ARGUMENT AND AUTHORITIES

This Court is in the midst of grappling with the issues presented herein. Whilst a November 2014 decision addressed the merits of the Fourth Amendment issue in one of the several *McNeely*-related cases then pending, what appeared decided is now in flux since the Court granted rehearing in February. *State v. Villarreal*, PD-0306-14, ___ S.W.3d ___, 2014 WL 6734178 (Tex. Crim. App. 2014) (reh'g granted, re-submitted Mar. 18, 2015). Additionally, the appellate milieu includes six other submitted *McNeely*-inspired cases, with yet another case granted and waiting in the wings for submission. *Douds v. State*, 434 S.W.3d 842 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. granted) (submitted on arguments Mar. 13, 2015, PD-0857-14); *Weems v. State*, 434 S.W.3d 655 (Tex. App.—San Antonio 2014, pet. granted) (submitted on arguments Nov. 19, 2014, PD-0635-14); *Reeder v. State*, 428 S.W.3d 930 (Tex. App.—Texarkana 2014, pet. granted) (submitted on arguments Jan. 14,

2015, PD-0601-14); *Smith v. State*, No. 13-11-00694-CR, ___ S.W.3d ___, 2014 WL 5901759 (Tex. App.—Corpus Christi 2014, pet. granted) (submitted Apr. 29, 2015, PD-1615-CR); *McGruder v. State*, No. 10-13-00109-CR, ___ S.W.3d ___, 2014 WL 3973089 (Tex. App.—Waco 2014, pet. granted) (submitted Apr. 15, 2015, PD-1263-14); *Holidy v. State*, No. 06-13-00261-CR, 2014 WL 1722171 (Tex. App.—Texarkana Apr. 30, 2014, pet. granted) (mem. op., not designated for publication) (submitted on arguments Jan. 14, 2015, PD-0622-14); *see also Cole v. State*, 454 S.W.3d 89 (Tex. App.—Texarkana 2014, pet. granted Apr. 22, 2015) (briefing in progress).

The State's instant petition focuses on two aspects of any McNeely-related consequences: *the validity of a statutorily-compelled draw and the invalidity of the exclusionary rule's application*. *Villarreal* only resolved the merits of the mandatory-draw issue, not addressing the applicability of the exclusionary rule. *Villarreal*, 2014 WL 6734178. Nevertheless, that issue is already before this Court. *See Cole*, 454 S.W.3d at 89 (fourth ground granted); *see also Weems*, 434 S.W.3d at 666 (applying exclusionary rule); *Douds*, 434 S.W.3d at 861–62 (same). In other words, this Court has already granted review on both issues presented herein.

Review should be granted in this case because it involves important questions of law that are have not yet been finally addressed by this Court, matters in conflict in the interim appellate courts, and a misapplication of a Supreme Court decision that has been interpreted as undermining the validity of the Texas implied-consent statute. TEX. R. APP. P. 66.3(a)(b)(c)(d)(f).

## I. Valid, compelled statutory blood draw

The State's appellate stance is in lockstep with that of prosecutors from other counties across the State who have already had cases granted for review on a *McNeely*-related issue. Hence, the State respectfully asks this Court to dispose of the instant case in a manner consistent with the petitions in *Villarreal*, *Douds*, *Weems*, *Reeder*, *Smith*, *McGruder*, *Holidy*, and *Cole*. Here, the officer reasonably relied on an existing, ubiquitous narrowly-focused, reasonable statute to obtain a compelled blood draw. The seizure occurred when the officer—at the time of the offense— possessed probable cause that Appellant's impaired and intoxicated conduct constituted felony DWI with a child passenger. TEX. PENAL CODE § 49.045; TEX. TRANSP. CODE § 724.012(b)(2).

In addition, the State differs with *Villarreal's* original-submission decision and further asserts that several important arguments should be considered on the merits.

## A.     Codification of Fourth Amendment principles

*Villarreal* failed to consider that the implied-consent statute codified Fourth Amendment principles.   For instance, this Court has previously recognized a statutory codification of the exigency exception.   *See Miles v. State,* 241 S.W.3d 28, 39–40 n.54 (Tex. Crim. App. 2007) (*citing* TEX. CODE CRIM. PROC. art. 18.16).   *McNeely* recognized that every case involving the dissipation of alcohol included some exigency.   *McNeely*, 133 S. Ct. at 1561, 1568.   This ever-present exigency must be considered when assaying the reasonableness of statutory draws.

Combine the static alcohol-evaporation-exigency consideration with the Legislature's clear codification of the gravity-of-the-offense exigency. The implied-consent statute extinguished a defendant's right to refuse where an officer possesses probable cause to believe that certain enumerated, egregious circumstances exist.   TEX. TRANSP. CODE § 724.012(b).   Defendants only lose their refusal right under carefully circumscribed scenarios involving felonious intoxication-related offenses

and/or resultant injuries necessitating hospitalization. *Id.* The statute only applies to the most serious categories of DWI offenders.

This statutory limitation amounts to a codification of an additional recognized exigency unrelated to blood-alcohol dissipation. *Welsh v. Wisconsin* held that the Fourth Amendment authorizes common-sense consideration of the underlying offense's gravity when weighing the existence of an exigency. *Welsh v. Wisconsin*, 466 U.S. 740, 751–52 (1984) (exigency calculations include consideration of a crime's severity). Consideration of a crime's gravity is the essence of reasonableness because the State's interest is greater in a more serious case. *Cf.* TEX. CODE CRIM. PROC. art. 14.04 (authorizing warrantless arrests for felonies where an officer did not observe the offense).

Of course, it almost goes without saying that Texas' implied-consent legislation codified Fourth Amendment probable cause requirements. U.S. CONST. amend. IV. Predicate elements of the implied consent statute codify this well-known quantum-of-evidence as a requirement for a compelled search. TEX. TRANSP. CODE § 724.012(b). The probable cause requirement—in tandem with the codified gravity-of-the-crime and dissipation-of-alcohol exigencies—creates a neutral, non-arbitrary framework authorizing a narrowly-defined seizure from an already-in-

9

custody arrestee. These refinements in the implied-consent statutes structure embrace the essence of Fourth Amendment reasonableness.

## B. Special-needs framework adds to the reasonableness calculation

The now-withdrawn *Villarreal* decision rejected application of the Supreme Court's special needs doctrine to the mandatory blood draw framework. *Villarreal*, 2014 WL 6734178, at *14–15; *see Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). However, the Court did not consider that blood drawn pursuant to Chapter 724's mandate also implicates administrative license revocation [ALR] procedures, a separate regulatory process that focuses on protecting the traveling public by removing offenders from the road. *See* TEX. TRANSP. CODE § 524.012(b)(1) (mandating license suspension based upon BAC).

"The primary purpose of the administrative license suspension statute is not to deter the licensee or to seek retribution, but to protect the public from the carnage on the public roads of Texas caused by drunk drivers." *Tharp v. State*, 935 S.W.2d 157, 159 (Tex. Crim. App. 1996). Such regulation focuses on the government's strong interest in removing intoxicated drivers from the road, just as railroad regulation in *Skinner* sought to increase railway safety by detecting intoxicated employees. *Compare Skinner*, 489 U.S. at 620–21 with *Tharp*, 935 S.W.2d at 159.

Special needs' principles recognize the statute's provision of a neutral, detached vehicle for protecting citizens from impaired drivers and defendants from unfettered discretion. The special-needs exception constitutes another factor to consider in a non-dualistic analysis that renders Texas' compelled-draw framework reasonable.

**C.    Erroneous consideration of the "Less Intrusive Means" test**

The original *Villarreal* decision considered the ready availability of warrants when rejecting the validity of Texas' mandatory draw statute. *Villarreal*, 2014 WL 6734178, at *18 (finding no compelling need to uphold warrantless, nonconsensual blood searches where warrants are "often readily available"). However, factors such as electronic warrants and the availability of a magistrate shift the focus away from an officer's conduct and, instead, weigh considerations of alternative means. *But see McNeely, 133 S. Ct. at 1560–64* (Part IIB's alternative means analysis applied when determining whether *per se* exigency existed).

The Supreme Court resoundingly rejected applying less-intrusive-alternative-practices arguments to Fourth Amendment cases not resolved under the exigency exception. *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 663–64 n.3 (1995) (upholding warrantless, random urine screening of athletes after considering diminished privacy,

unobtrusiveness, and severity of need, spurning arguments relying on less intrusive alternatives); *Skinner, 489 U.S. at 629* n.9 (upholding random, suspicionless drug screening of railway employees under special needs exception and discarding less-drastic-and-equally-effective-means arguments). One footnote in *Skinner* flatly debunks the propriety of considering less-drastic alternatives in scenarios that include warrantless and even suspicionless seizures for toxicological testing, similar to Appellant's facts. *Id.*

The State maintains that less-restrictive-alternatives logically apply when a seizure's validity rests solely on the temporal factors presenting an exigency; less-drastic, *post-hoc* what-ifs do not apply, however, to reasonableness calculations factoring in other warrantless exceptions. Hence, *Villarreal's* analysis mistakenly applied this eschewed construct.

## II.    Implied-consent draws are reasonable

Reasonableness has always been the linchpin of the Fourth Amendment, venerated in the provision's plain language. U.S. CONST. amend IV; *Hulit v. State, 982 S.W.2d 431, 435–36, 438 (Tex. Crim. App. 1998)*. Discernment of what is "reasonable" requires courts to consider the balance between an individual's privacy and legitimate governmental interests, especially when public safety is of utmost concern. *See*

*Maryland v. King*, 569 U.S. ___, 133 S. Ct. 1958, 1979 (2013); *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990); *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008), *cert. denied*, 558 U.S. 828 (2009). *Villarreal* viewed the choice between applying a Fourth Amendment exception and consideration of a reasonableness balancing approach as mutually exclusive analytical constructs. The State respectfully believes that this black-white consideration of these two concepts is mistaken, especially in light of the fact that this Court has relied upon the balancing approach to assay reasonableness on similar issues. *See Segundo*, 270 S.W.3d at 96–99; *McGee v. State*, 105 S.W.3d 609 (Tex. Crim. App. 2003); *Hulit*, 982 S.W.2d at 434 n.1, 436.

Again, the statute is reasonable. Years ago, the Supreme Court recognized that a framework requiring a driver's consent was anything but nonsensical. The *Breithaupt* court pointed to then recently adopted implied-consent provisions and wrote:

> It might be a fair assumption that a driver on the highways in obedience to a policy of the State, would consent to have a blood test made as part of a sensible and civilized system protecting himself as well as other citizens not only from the hazards of the road due to drunken driving, but also from some use of dubious lay testimony.

*Breithaupt v. Abram*, 352 U.S. 432, 435 n.2 (1957). The State contends that compelled draws under implied-consent provisions are inherently

13

reasonable when weighing the needs of all involved. Indeed, Fourth Amendment reasonableness underpins the statute. The well-known exceptions—as argued in the myriad cases already before this Court—considered individually and in concert with each other, alongside a balancing of the competing interests, all support the continued viability of Texas' implied-consent framework.

## III. Exclusionary rule inapplicable and not invoked

Statutory mandatory blood-draws are reasonable. *But see Villarreal, 2014 WL 6734178* (opinion on original submission; under re-submission). When the ink dries on *Villarreal* and future *McNeely*-related decisions and if those cases are adverse to the State on the merits, the rules requiring evidence exclusion should not apply to mandatory blood-draw scenarios that occurred prior to the Supreme Court's April 2012 pronouncement.

Federally, the good-faith exception to the Fourth Amendment's exclusionary rule applies when law enforcement, at the time of the search, acted with objectively reasonable reliance on (1) a statute, later declared unconstitutional, or (2) binding judicial precedent, subsequently overruled. *Illinois v. Krull*, 480 U.S. 342, 349–57 (1987) (statutes); *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419, 2428–34 (2011) (caselaw).

14

Under state law, the Texas exclusionary rule is not invoked because—at the time of the offense—no violation occurred. The State recognizes that article 38.23(b)—Texas' limited good faith exception— requires a warrant. TEX. CODE CRIM. APP. § 38.23(b). Notwithstanding, invocation of exclusionary rule principles relies on article 38.23(a). That subsection's plain language requires a violation for exclusion to be triggered. When Appellant's blood was drawn, no one credibly questioned the validity of the officer's statutory authority. In other words, at the time of the seizure, the officer followed then-existing law. *See* TEX. CODE CRIM. PROC. art. 38.23(a); *see also* TEX. PENAL CODE § 1.07(a)(30) (defining "law" as meaning the state and federal constitution and statutes, in addition to the written opinions of a court of record); *see also Davis*, 131 S. Ct. at 2427–28 ("obtained" applies to unlawfulness at the time of the seizure; exclusion not triggered in an absence of police culpability). Simply put, the instant circumstances do not invoke exclusion.

The Supreme Court mentioned, in *dictum*, the application of the exclusionary rule versus Fourth Amendment violations in a non-blood-draw scenario decided recently. In *Heien*, the Court weighed the validity of an investigatory stop where the officer misunderstood the traffic code provision he relied on to support the stop. *See Heien v. North Carolina*, 135 S. Ct.

530, 538–39 (2014). The Supreme Court considered the reasonableness of the officer's mistake that lead to the stop and arrest when considering remedies. In so doing, the Court pointed out the myriad decisions finding exclusionary-rule invocation inappropriate where the officer's conduct— valid at the time—was later declared unconstitutional. *Id.* With only one justice dissenting, the Supreme Court's decision pondered the exclusionary rule's limits which had been briefly considered in *Michigan v. DeFillippo. Heien*, 135 S. Ct at 538–39; *see generally Michigan v. DeFillippo*, 443 U.S. 31, 3–9 (1979) (suggesting that exclusion might have been appropriate had the provision been "grossly and flagrantly unconstitutional").

Although the *Heien* discussion is merely *dicta*, it reiterates the importance of focusing on the fact that the instant officer's conduct fully complied with mandatory, settled law at the time of Appellant's arrest. *Heien*, 135 S. Ct. at 538–39. *McNeely* and subsequent caselaw questioning implied-consent blood draws came later. Since, no violation occurred at the time of the Appellant's 2011 blood draw, Texas' exclusionary provision does not apply. TEX. CODE CRIM. PROC. art. 38.23(a). And since any legal error by the officer was reasonable, Fourth Amendment cases do not mandate the remedy of exclusion. *See Heien*, 135 S. Ct. at 539.

## CONCLUSION AND PRAYER

Review should be granted and the decision of the Court of Appeals should be reversed; Appellant's felony DWI with a child passenger conviction should be upheld.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief, Post-Conviction

/s/ Tanya S. Dohoney
TANYA S. DOHONEY
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No.  02760900
ccaappellatealerts@tarrantcountytx.gov

17

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of TEX. R. APP. P. 9.4 (i) because it contains less than 4050 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1), as computed by Microsoft Word, the computer software used to prepare the document.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY


## CERTIFICATE OF SERVICE

A true copy of the State's petition for discretionary review has been e-served to opposing counsel, Hon. Richard A. Henderson at richard@rahenderson.com, 100 Throckmorton Street, Suite 540, Fort Worth, Texas  76102, and Hon. Mark G. Daniel at mgd1016@aol.com, 115 West Second Street, Suite 202, Fort Worth, Texas  76102 on this, the 8th day of May 2015.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY

**APPENDIX**

A

Not Reported in S.W.3d, 2015 WL 1120332 (Tex.App.-Fort Worth)
**(Cite as: 2015 WL 1120332 (Tex.App.-Fort Worth))**



Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINIONDO NOT PUBLISH TEX.R.APP. P. 47.2(B)

Court of Appeals of Texas,
Fort Worth.
Joshua Ed **Bowyer**, Appellant
v.
The State of Texas, State

NO. 02–13–00315–CR
DELIVERED: March 12, 2015

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY, TRIAL COURT NO. 1283996D. HON. MOLLEE WESTFALL, JUDGE
Richard A. Henderson, Richard A. Henderson, P.C., Fort Worth, TX, for Appellant.

Sharen Wilson, Criminal District Attorney; Debra Windsor, Chief Of Post-Conviction; Tanya S. Dohoney, Kelly Loftus, Assistant Criminal District Attorneys; Tarrant County Office Of The Criminal District Attorney, Fort Worth, TX, for State.

PANEL: MEIER and GABRIEL, JJ.[FN2]

> FN2. Justice McCoy was a member of the original panel but has retired in the interim.

**MEMORANDUM OPINION** [FN1]

> FN1. *See* Tex.R.App. P. 47.4.

BILL MEIER, JUSTICE
## I. INTRODUCTION
**\*1** Appellant Joshua Ed Bowyer appeals his conviction for driving while intoxicated (DWI) with a child passenger under the age of fifteen. *See* Tex. Penal Code Ann. § 49.045(a)(2) (West Supp.2011). In a single issue, Bowyer argues that the trial court erred by denying his motion to suppress blood alcohol test results obtained using the mandatory-blood-draw procedure of the Texas Transportation Code and without his consent or a valid search warrant. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.012(b), 724.013 (West 2011). Following the court of criminal appeals's recent opinion in *State v. Villarreal,* No. PD–0306–14, —— S.W.3d ——, 2014 WL 6734178, at \*21 (Tex.Crim.App. Nov. 26, 2014), in which the court held that such a warrantless, nonconsensual draw of a DWI suspect's blood does not categorically fall within any recognized exception to the Fourth Amendment's warrant requirement, nor can it be justified under a general Fourth Amendment balancing test, we will reverse the trial court's suppression order and judgment and remand the case to the trial court.

## II. FACTUAL AND PROCEDURAL BACKGROUND
The State indicted Bowyer for DWI with a child passenger. He filed a "MOTION TO SUPPRESS SEARCH WITHOUT WARRANT (MANDATORY BLOOD DRAW PURSUANT TO TRANSPORTATION CODE SECTION 724.012)." At the suppression hearing, the State conceded that the officers in this case had time to secure a warrant to conduct a blood draw but did not do so because they were following Texas's mandatory-blood-draw statute. *See* Tex. Transp. Code Ann. § 724.012(b)(2). After the hearing, the trial court denied Bowyer's motion to suppress. Bowyer then pleaded guilty pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced Bowyer to two years' confinement in the State jail and a $1,000 fine, suspended imposition of the confinement portion of the sentence, and placed Bowyer on community supervision for five

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in S.W.3d, 2015 WL 1120332 (Tex.App.-Fort Worth)
**(Cite as: 2015 WL 1120332 (Tex.App.-Fort Worth))**

years. This appeal followed.

### III. BLOOD DRAW VIOLATED FOURTH AMENDMENT

Following the United States Supreme Court's decision in *Missouri v. McNeely,* the court of criminal appeals recently held that the provisions in the Texas Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement. —— U.S. ——, 133 S.Ct. 1552, 1563 (2013); *Villarreal,* —— S.W.3d at ——, 2014 WL 6734178, at *10–16. Specifically, the court in *Villarreal* rejected the State's arguments that (1) a warrantless, nonconsensual blood test under the transportation code should be upheld as categorically reasonable under the consent exception—applicable in the form of a prior waiver through implied consent, the automobile exception, the special-needs exception, or the search-incident-to-arrest exception, (2) a blood draw should be treated as a seizure instead of a search, and (3) such a search may be upheld on the basis that it is reasonable under a general Fourth Amendment balancing test. *Id.* at ——, 2014 WL 6734178, *10–17. The State raises these same arguments in this appeal.

**\*2** In this case, Bowyer did not consent to a blood draw, and a warrant to draw his blood was not obtained. The State does not rely on the exigent circumstances exception to the warrant requirement. And despite having time to obtain a warrant, the officers in this case relied exclusively on the "mandatory provisions" of transportation code section 724.012(b)(2) for the warrantless blood draw. *See* Tex. Transp. Code Ann. § 724.012(b)(2). We hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment. *See Burks v. State,* —— S.W.3d ——, No. 02–13–00560–CR, 2015 WL 115964, at *1–3 (Tex.App.—Fort Worth Jan. 8, 2015, no pet.) ("Following *Villarreal,* we hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment."). We further hold that the trial court erred by denying Bowyer's motion to suppress the blood alcohol test results, and we sustain his sole issue.

### IV. CONCLUSION

Having sustained Bowyer's sole issue, we reverse the trial court's order denying Bowyer's motion to suppress and the trial court's judgment, and we remand this case to the trial court for further proceedings consistent with this opinion.

Tex.App.-Fort Worth, 2015
Bowyer v. State
Not Reported in S.W.3d, 2015 WL 1120332 (Tex.App.-Fort Worth)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.